# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2019

Lyle W. Cayce
Clerk

No. 19-40525
Summary Calendar

LAURA JOSEFINA SALINAS MOYA,

Plaintiff – Appellant

v.

NORMA LIMON, Harlingen Field Office Director, Citizenship and Immigration Services,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CV-319

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Laura Josefina Salinas Moya (Plaintiff) sought a declaratory judgment that she is a United States citizen. At trial, her citizenship status came down to whether her mother was born in the United States. As proof of her mother's birth in the United States, Plaintiff offered the testimony of a relative who stated that the mother told her several times that she was born in Weslaco,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40525

Texas.  The mother's baptismal certificate also lists Weslaco as the place of birth.  But both the mother's Mexican birth certificate and Mexican marriage certificate list Reynosa, Tamaulipas, Mexico, as the place of birth.  After considering this competing evidence, the district court ruled that "Plaintiff did not prove by a preponderance of the evidence that [her mother] was born in the United States and therefore failed to establish Plaintiff is a United States citizen."

On appeal, Plaintiff argues that it was error to admit the Mexican birth certificate.  But Plaintiff did not object to the exhibit at trial.  More than that, she offered the birth certificate as an exhibit.  She cannot now complain about this evidence she offered into the record.

Plaintiff further argues that the district court failed to give any weight to the baptismal certificate.  But the district court did consider the baptismal certificate, it just concluded that the baptismal certificate—along with the testimony of the relative, who did not meet Plaintiff's mother until the mother was ten and living in Mexico—failed to meet Plaintiff's burden of proof given the different birthplace listed in the birth and marriage certificates.  As the factfinder, the district court determines the weight to give competing evidence. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123 (1969).  That principle also defeats Plaintiff's argument that the district court had to give the baptismal certificate more weight than the birth and marriage certificates because the baptismal document was created earlier.  There is no rule that older evidence is automatically more credible; the factfinder may consider numerous factors in determining what evidence is most convincing.  Because these and other arguments Plaintiff raises ask us to reweigh the evidence, they are not a basis for reversal.

The judgment is AFFIRMED.